IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARRYL MILLS, | : | 1:11-cv-1452 |
| | : | |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| DDSP, *et al*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

### October 18, 2011

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation

("R&R") of Magistrate Judge Martin C. Carlson (Doc. 7), filed on September 21,

2011, which recommends that this case be dismissed based on Plaintiff's failure to

prosecute this case.  No objections to the R&R have been filed.[1]  For the reasons

set forth below, the Court will adopt the R&R and dismiss this action.

**I.     STANDARD OF REVIEW**

When, as here, no objections are made to a magistrate judge's report and

recommendation, the district court is not statutorily required to review the report

---

[1] Objections were due by October 11, 2011.

1

before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d. Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept recommendations." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson,* 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson,* 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II.    DISCUSSION

Plaintiff, who is proceeding *pro se*, commenced this action by filing a praecipe for a summons in the Court of Common Pleas of Dauphin County on January 9, 2007. The praecipe for summons is obviously not a complaint, and thus contained no factual averments or intelligible claims. It simply identified the parties that Mills intended to sue, naming Defense Depot, Susquehanna, Pennsylvania (DDSP), a federal agency with the Department of Defense, James Naber, the former Commander of DDSP, and Paragon Technology Inc. (a/k/a SI

2

Handling System Technology, Inc.) as Defendants.   After this filing, Plaintiff did

nothing with regards to the case for three and one-half years, until October 2010,

when the county court notified Mills that it was proposing the termination of the

case.  In response, Mills voiced an intention to follow through with the case, but

took no steps to proceed with the lawsuit.

In July of 2011, the United States first learned of this pending county matter

when it received a notice from county court.  The United States then removed this

case to federal court, and filed a motion for a more definite statement under Fed. R.

Civ. P. 12(e).  On August 10, 2011, Magistrate Judge Carlson granted the United

States' motion and directed Mills that "[t]he time has now come for the plaintiff to

move beyond labels and assert facts which articulate a legal claim."  Mills was

instructed that "[o]n or before September 1, 2011, [he] shall file a complaint in this

case and serve the complaint upon the defendants." (Doc. 5).  Magistrate Judge

Carlson also warned Mills that a consequence of failing to timely comply with

orders may result in dismissal of the case pursuant to Fed. R. Civ. P. 41.  Despite

this clear admonition, Mills allowed the deadline to lapse, resulting in the instant

R&R issued by Magistrate Judge Carlson, recommending dismissal of the action

pursuant to Fed. R. Civ. P. 41(b).  That rule provides "[i]f the plaintiff fails to

prosecute or to comply with these rules or a court order, a defendant may move to

dismiss the action or any claim against it." As correctly noted by the Magistrate Judge, the Third Circuit has long held that Rule 41(b) does not prohibit the *sua sponte* dismissal of actions by the Court based on a plaintiff's failure to prosecute the action. *Kenney v. Cal. Tanker Co.*, 381 F. 2d 775, 777 (3d Cir. 1967). Magistrate Judge Carlson also undertook an analysis of the *Poulis* factors and determined that dismissal is the favored sanction in this case. *See Poulis v. State Farm Fire and Cas. Co.*, 747 F. 2d 863, 868 (3d Cir. 1984).

As we have already mentioned, the Plaintiff has not filed objections to this R&R. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the thorough R&R, we will adopt the R&R in its entirety. At bottom, Plaintiff has evinced a settled purpose to abandon his case via an utter failure to prosecute. He has done this in the face of abundant warnings and courtesy. With a mind towards conserving judicial resources, we will not futher rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this documents, as it accurately reflects our consideration and resolution of the case *sub judice.* An appropriate Order shall issue.